[Sac. No. 805. In Bank.—September 17, 1900.]

## THERESA A. WILLIAMS, Respondent, v. W. G. LONG et al., Appellants.

APPEAL—LIMITATION OF TIME—JURISDICTION—MANDATORY STATUTE—SUBSEQUENT DISABILITY.—Statutes limiting the time for appeal are jurisdictional and mandatory, and the courts have no power not given by the statute to extend the time limited for an appeal. When the period of limitation has begun to run, no subsequent disability will suspend its operation.

ID.—DISMISSAL OF APPEAL FROM JUDGMENT—DEATH OF RESPONDENT—SERVICE OF NOTICE.—An appeal from the judgment will be dismissed if taken after the lapse of the time limited therefor; and the fact that the respondent died some eighteen days before the expiration of the six months allowed for the appeal, and that not until after its expiration an administratrix was appointed upon whom service of notice of the appeal was made with due diligence, cannot operate to suspend the period of limitation, or to preclude the dismissal of the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, Percy V. Long, and C. C. Hamilton, for Appellants.

F. P. Otis, for Respondent.

HENSHAW, J.—This is a motion to dismiss defendants' appeal from the judgment, upon the ground that the appeal was taken after the statutory period had elapsed. This fact is not denied, but in resisting the motion it is shown that some eighteen days before the expiration of the six months allowed for appeal the plaintiff, in whose favor the judgment was rendered, had died, and that only after the expiration of the six months was an administratrix of his estate appointed, upon whom service with due diligence was made. Under this showing it is contended that the running of the statute of limitations should be held to have been suspended from the date of the death of plaintiff to the date of the appointment of his personal representative.

Statutes limiting the time of appeal are jurisdictional and mandatory. (*Henry v. Merguire*, 111 Cal. 1.) In the absence of an express authorization in the statute itself a court has no power to extend the time for taking an appeal, or to relieve an appellant from the effect of misfortune, accident, surprise, or mistake. No such authorization is found in the statutes of this state. In this case the statute had begun to run, and had been running against this appellant for more than five months before the death of the plaintiff. It is a well-settled rule and principle of law, except as modified by positive enactment, that when the statute of limitations has begun to run no subsequent disability will suspend its operation. In *Pace v. Ficklin*, 76 Va. 292, the time in which an appeal should have been taken was limited to two years. Judgment was rendered against an assignee in bankruptcy, and during the two years the assignee died and a successor was appointed. In support of the appeal it was urged that the period between the death of the first assignee and the appointment of his successor

should be deducted from the statutory time. But the court said: "In answer to this it is sufficient to say that the statutes defining and limiting the right of appeal make no such exception or restriction, and there is no rule or principle in law which authorizes the courts to do so. . . . . In this case Pace was alive at the date of the decree. The limitation then commenced to run, and so continued, notwithstanding his death at a subsequent period."

The motion to dismiss is granted.

McFarland, J., Van Dyke, J., Harrison, J., and Temple, J., concurred.