OMAHA NATIONAL BANK v. EDWIN A. ROBINSON, JR., ET AL., EXECUTORS.*

FILED FEBRUARY 22, 1905.   No. 13,920.

1. **Error: Process: Acceptance of Service.** Where a person obtains a judgment in the district court, and after his death error proceedings are begun seeking to reverse the same, an acceptance of service of summons in error by his attorney of record in the district court is not sufficient to give this court jurisdiction of the error proceedings. *Ritchey v. Seeley,* 68 Neb. 129, followed.

2. **Judgment: Jurisdiction.** A judgment rendered by a court without jurisdiction of the parties is absolutely void. The supreme court stands upon no higher or different footing in this regard than a court of inferior jurisdiction.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Hall & McCulloch,* for plaintiff in error.

*Will H. Thompson,* contra.

* Rehearing allowed.  See opinion, p. 353, *post.*

LETTON, C.

On May 4, 1895, in an action pending in the district court for Douglas county, one Edwin A. Robinson recovered a judgment against the Omaha National Bank Robinson had died upon January 14, 1895, but his death was unknown to his attorneys. The bank prosecuted error to this court from the judgment. Gregory, Day & Day, who had been Robinson's attorneys in the action in the district court, entered his voluntary appearance in the supreme court, waiving the issuance and service of summons in error, and defended the case in this court. The error proceedings resulted in the reversal of the judgment, and the cause was remanded to the district court for further proceedings. In the district court the case was placed upon the trial docket and remained thereon until November 12, 1900, when, it appearing from the affidavit of J. H. McCulloch, one of the attorneys for the Omaha National bank, that Robinson was dead, that no order of revivor had been made and that more than one year had elapsed since such order could have been made, the action was stricken from the docket. The case remained in this condition until February, 1904, when a motion was made in behalf of the executors of Robinson to revive the original judgment in the district court. A conditional order of revivor was allowed, providing that, unless the defendant showed cause by March 14, 1904, the judgment should stand revived. The defendant made a return to this order to show cause by alleging the facts in regard to the death of Robinson, the reversal of the judgment and the action of the district court thereafter striking the case from the docket. Evidence was adduced, and at the hearing the district court sustained the motion for revivor and made it absolute. No motion for a new trial was filed. The plaintiff in error in its petition assigns: (1) The court erred in sustaining the motion of this defendant in error for a revivor of said judgment; (2) the court erred in signing and directing the entry of the order reviving said judgment.

The first question presented is whether or not these assignments present any question for review, in view of the fact that no motion for a new trial was filed in the district court. In the view we take of the case it is not necessary to consider this assignment. We are of the opinion that the proceedings had in the supreme court were void. That the judgment of reversal was of no validity, nor was the mandate of any force. We have repeatedly said that a judgment rendered by a court without jurisdiction of the parties is absolutely void. *Ritchey v. Seeley*, 68 Neb. 129. The supreme court stands upon no higher or different footing in this regard than a court of inferior jurisdiction. The case falls squarely within the rule of *Ritchey v. Seeley*, and the district court was right in disregarding the proceedings had in this court when it had never acquired jurisdiction. *Chicago, B. & Q. R. Co., v. Hitchcock County*, 60 Neb. 722; *Eayrs v. Nason*, 54 Neb. 143; *Johnson v. Parrotte*, 46 Neb. 51; 1 Black, Judgments, sec. 170. No question is made as to the validity of the original judgment and no sufficient cause was shown why it should not be revived.

We recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed October 5, 1905. *Judgment of affirmance adhered to:*

A rehearing was granted in this case upon the point that the judgment which it is sought to revive was void by reason of the plaintiff in the cause being dead at the time of its rendition. It appears that this point was not raised by the return to the order to show cause and that it is not an issue in the case,

It is recommended that the former opinion be adhered to.

By the Court: For the reason stated in the foregoing opinion, it is ordered that the former opinion be adhered t~.

AFFIRMED.