PETER J. LONG ET AL., APPELLEES, v. JOHN H. KRAUSE ET AL., APPELLANTS.

FILED MAY 15, 1920.     No. 21214.

Appeal: REVIVOR. Under section 8186, Rev. St. 1913, the filing of the transcript for the review of a law case confers jurisdiction on this court, and, where a judgment is rendered against two defend-ants as joint tort-feasors, and both file notice of appeal and super-sedeas bond in the district court, and one of them dies before the filing of the transcript here, *held*, that this court acquires such jurisdiction, through the filing of the transcript and the resulting removal of the case here, as will enable it to allow the representa-tive of the deceased party to revive the action in this court, though no steps to revive have been taken in the lower court, and though the transcript is filed by the living party to the suit, without any

authority from and when the filing is not participated in by such representative.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Motion to dismiss overruled, and motion to revive sustained.*

*John J. Sullivan, John M. Macfarland* and *George B. Thummel,* for appellants.

*Byron G. Burbank* and *Thomas Lynch, contra.*

FLANSBURG, J.

This is an action charging defendants John H. Krause and Herman Krause with fraud in the purchase of land from plaintiffs. Judgment was for $75,000 against the two defendants.

Judgment was entered July 5, 1919. Each of the defendants filed in the district court written notice of appeal on July 16, 1919. On July 17 they filed a supersedeas bond, signed by them both, as principals, in the sum of $152,000. On July 19, John Krause, one of the defendants, died, and on the following day, July 20, transcript was filed in this court by the attorney who had been acting for both parties. A præcipe was also filed, designating each of the defendants as appellant.

On September 4, 1919, Herman Krause was appointed administrator of the estate of John Krause, deceased. No further steps were taken in the action until April 15, 1920. On that date, plaintiffs filed a motion in this court to dismiss the appeal as to John Krause, and soon thereafter Herman Krause, administrator, filed a motion to revive the action in his name as the representative of John Krause, deceased, and to allow a substitution of parties.

The question raised by these motions is whether this court has jurisdiction in the case, so far as the representative of John Krause is concerned.

The defendants below are held as joint tort-feasors. There is no doubt that one of two joint tort-feasors has

the right of a separate appeal, and that, where his co-defendant does not join in the appeal, such codefendant is bound by the judgment in the lower court, and if he pays the judgment has no right to contribution. *Hayden v. Woods*, 16 Neb. 306; note, L. R. A. 1918C, 974. It is further true that the death of John Krause destroyed the relation of attorney and client, and that the acts of this· attorney from that time forward were neither the acts of the deceased person nor of his representative.

At the time of the appeal no administrator had been appointed, and the attorney who filed the transcript, therefore, had no authority from the representative of the deceased to further perfect an appeal, so far as the interests of the deceased or of his estate were concerned.

The cases of *Ritchey v. Seeley*, 68 Neb. 127, and *Omaha Nat. Bank v. Robinson*, 73 Neb. 351, are relied on as controlling of the question here. In those cases it was held that, when one party to the suit dies after judgment, and the other party files petition in error in this court for review, this court acquires no jurisdiction until there has been a revivor in the district court and service of summons in error had upon the representative of the party who has died.

In the case of *Ritchey v. Seeley,* however, the court, through Judge Holcomb (68 Neb. 129, 133), distinguishes an error proceeding in a law case from a suit in equity, and in dictum says that in an equity proceeding, since the trial is *de novo,* the court acquires jurisdiction by the filing of the transcript, and, as to parties who have died after the judgment and before appeal, revivor may be had in this court after the appeal is taken. The statutes providing for review in law actions have been supplemented and changed since the cases just mentioned were decided, and the procedure for taking an appeal in a law case made more similar to the procedure theretofore provided in equity cases.

By the statute of 1907 (Rev. St. 1913, sec. 8186) it is provided that the filing of the transcript shall confer jurisdiction in the cause upon the supreme court in a law case. The summons in error is dispensed with, and it is made sufficient notice of appeal to file in the district court, within 90 days after the rendition of the judgment, a notice of intention to prosecute appeal, or, if such notice is not given, the supreme court has the authority to provide by rule for notice of appeal.

The statute does not require that each party desiring an appeal shall file a transcript, but the filing of a transcript by any party was evidently intended to vest the court with jurisdiction in the case, and the parties are required only to indicate by timely notice their intention of becoming appellants.

In this case all the statutory steps had been taken for an appeal by John Krause. Before his death he filed in the district court the statutory notice and gave supersedeas bond. Later, the transcript was filed in this court, not by him nor by his attorney, for his death had dissolved the relation of attorney and client; but nevertheless the filing of the transcript by one of the parties to the suit conferred jurisdiction of the cause upon the court. Had he still been living, it would have been unnecessary that he join in the filing of the transcript, or that he file a separate transcript, in order to perfect his appeal. There is no step which would have been required of John Krause, had he been living, which has not been taken by his representative here, in order to have entitled him to be admitted as a party to the appeal. Since he, without any further act on his part, would have followed the removal of the cause to this court in such a way that he could have become a party to this appeal, it seems logical that his representative, as the successor to his rights, can do the same thing. This holding finds support in the following cases: *Davis v. Catlettsburg-Kenova-Ceredo Water Co.*, 136 Ky. 66;

*Branham v. Johnson,* 62 Ind. 259; *Brockett v. Fair Haven & W. R. Co.,* 73 Conn. 428.

The cases of *Ritchey v. Seeley* and *Omaha Nat. Bank v. Robinson, supra,* seem to us easily distinguishable. At the time of those decisions, this court could only acquire jurisdiction when a petition in error was filed by an appellant and a summons in error served upon the opposite party. In each of the cases, just mentioned, the person against whom appeal was taken had died before the appeal and before service of summons in error could be had upon him. The attorneys of the parties who had died, with no authority to act, attempted to waive service of summons and enter a voluntary appearance in this court. Their acts were, of course, a nullity. If the attorney here had filed notice of appeal for John Krause after he had died, that would have been a nullity, so far as that notice was concerned, whether given in this court or in the district court. The filing of the transcript, as we view it, however, so removed the case that, had John Krause failed to give notice, his representative could have revived the action here and given notice in his stead.

Many cases are cited by counsel for appellee in support of his motion to dismiss the appeal here. These decisions were rendered under statutes similar to ours as it existed previous to the changes of 1907. The matter here is very largely a question of the interpretation of our statutes as amended. It is a question not without difficulty, but it seems to us the interpretation we have followed is the more reasonable one and most in furtherance of justice.

The motion to dismiss the appeal is therefore overruled, and the motion to revive sustained, and it is ordered that Herman Krause, administrator of the estate of John H. Krause, deceased, be made a party appellant, and the action be revived in his name.

JUDGMENT ACCORDINGLY.