CERAME LÓPEZ & Co., *S en C.*, Plaintiff and Appellee, *v.* EMILIO ALFARO DÍAZ ET AL., Defendants and Appellants.

No. 5173. Argued January 20, 1930.—Decided January 22, 1930.

*Luis Villaronga*, for appellants. *J. Valldejuli*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moves to dismiss this appeal for failure to file it within the time prescribed by statute. An intervention by a claimant in attachment proceedings is involved. The judgment rendered was notified to the defeated party

on November 25, 1929, and the notice of appeal was filed on December 13th of the same year.

The act of March 14, 1907, which regulates the procedure in cases of claims of third persons, prescribes by its section 19 (Comp. 1911, sec. 5279), that an appeal may be taken from all judgments in such cases within ten days, and in the manner provided in the Code of Civil Procedure for appeals generally.

That being so, there is no doubt that when the appeal herein was filed the statutory time for taking an appeal had already expired.

The appellants admit the facts as stated, but they urge that this court, in the furtherance of justice and for the reasons which they advance, should entertain, and consequently consider as properly taken, the appeal filed on December 13, 1929.

It has been repeatedly decided by this court that the time prescribed by statute for taking an appeal can not be extended, as such time is jurisdictional. The court is, of course, without jurisdiction to consider any ground tending to excuse the delay.

The jurisprudence on this point is uniform. We will only cite the case of *Williams* v. *Long,* 130 Cal. 58, where it was held: "Statutes limiting the time for appeal are jurisdictional and mandatory, and the courts have no power not given by the statute to extend the time limited for an appeal." Neither the statute relating to claims of third persons nor any other statute within our knowledge grants such power to this court.

For the foregoing reasons, the appeal must be dismissed.