LAWRENCE BRADLEY, APPELLANT, V. L. M. KALIN, DOING BUSINESS UNDER TRADE-NAME OF LINCOLN TOBACCO CO., ET AL., APPELLEES.

FILED OCTOBER 6, 1933. No. 28869.

*Frank M. Coffey*, for appellant.

*L. R. Doyle*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

EBERLY, J.

This action is prosecuted under our workmen's compensation act. There was a trial on the merits in the district court resulting in a judgment for the defendant and

a denial of the claim for compensation. From this adverse decision claimant seeks to appeal.

The chronology of this law suit, as appears from the transcript filed in this court, embraces the following: Trial to the district court followed by its decree finding for defendant and denying compensation, February 17, 1933; motion for new trial filed February 20, 1933; a pleading entitled "Supplemental to Motion for New Trial" filed April 4, 1933; motion for new trial regularly overruled April 7, 1933; on April 26, 1933, stipulation of parties was filed requesting and jointly stipulating that the order overruling motion for new trial of April 7, 1933, be vacated and that thereafter such order overruling motion for new trial may be reentered at the convenience of said court, and expressly setting forth as the sole reason for the proceeding: "This application is made so that the plaintiff will have the necessary time available to perfect an appeal within the statutory time." On April 27, 1933, a formal order or judgment was duly made and entered in this cause, wherein and whereby "in accordance with the above stipulation the ruling entered April 7, 1933, and of record on page 61 of this court journal overruling motion for new trial," was vacated and set aside, and in this same order thus entered this motion for new trial was again overruled. On May 11, 1933, bond on appeal was filed in the district court and approved. On May 18, 1933, transcript on appeal was filed in the supreme court.

It will be remembered that section 48-139, Comp. St. 1929, with reference to appeals in actions prosecuted under the workmen's compensation act from judgments of the district courts of this state, provides in part:

"Any appeal from such judgment shall be prosecuted in accordance with the general laws of the state regulating appeals and (in) actions at law except that such appeal shall be perfected within thirty days from the entry of the judgment."

This language necessitates the filing of a transcript on

appeal in the supreme court within thirty days from and after the entry of the judgment appealed from in the district court.

We are committed to the view that, "the legislature having power to limit the time within which an appeal must be taken, it is essential to the jurisdiction of this court that it be taken within that time limit." *Morrill County v. Bliss, ante,* p. 97.

The waiver of this limitation by consent of the parties is not effective to enlarge the time of the appeal thus limited by statute. *Tootle, Hosea & Co. v. Shirey,* 52 Neb. 674.

Nor is it within the powers of the courts to extend the time thus limited unless the failure is in no wise attributable to the appellant. *Omaha Loan & Trust Co. v. Ayer,* 38 Neb. 891.

See, also, *Johnston v. New Omaha Thomson-Houston Electric Light Co.,* 86 Neb. 165; *Smith v. Silver,* 58 Neb. 429; *Renard v. Thomas,* 50 Neb. 398.

In *Morrill County v. Bliss, supra,* the principle was announced that the "trial court has no inherent power, directly or indirectly, to extend time for taking appeal."

In the present case the order of the district court overruling the motion for a new trial was regularly made on April 7, 1933. The appellant therefore was limited to thirty days thereafter in which to file his transcript in this court. *Lincoln Packing Co. v. Coe,* 120 Neb. 299. It follows that the order entered in this cause by the district court for Lancaster county on April 27, 1933, expressly pursuant to the stipulation of the parties reciting as sole reason therefor "that the plaintiff will have the necessary time available to perfect an appeal within the statutory time," is wholly ineffective to extend the time of perfecting such appeal; and that a transcript filed on May 18, 1933, under the facts in this case, is ineffective to confer jurisdiction of the cause upon this court. The proceedings on appeal are therefore ordered dismissed.

APPEAL DISMISSED.