STANDARD OIL CO., Plaintiff, v. McNENNY, Circuit Judge, et al, Defendants.

(252 N. W. 841.)

(File No. 7666. Opinion filed February 15, 1934.)

O'Keeffe & Stephens, of Pierre, for Plaintiff.

L. E. Waggoner, of Sioux Falls, and Dan McCutchen, of Belle Fourche, for Defendants.

RUDOLPH, J. This proceeding is a sequel to the case of Powers et al v. Standard Oil Company, No. 7537, 62 S. D. 33, 251 N.W. 187, and is before the court as an original proceeding in certiorari. In case No. 7537, supra, we dismissed the appeal as to one A. G. Powers for the reason that he had died subsequent to the entry of the judgment in the case and prior to the taking of the appeal. Following that decision, the administrators of the estate of A. G. Powers, deceased, applied to the circuit court of Butte county for an order substituting them as parties to the action for and in the place of A. G. Powers, and, after notice was given to the defendants in the action, the court entered its order substituting the administrators of A. G. Powers, deceased, as parties plaintiff in the action in lieu of A. G. Powers, and further ordered "that the said administrators are hereby allowed to continue said action as representatives of A. G. Powers, deceased, under the provisions of section 2317 of the Revised Code of the State of South Dakota." It is the contention of the Standard Oil Company, the plaintiff herein and the defendant in the original action, that the circuit court of Butte County was without jurisdiction to enter the order of substitution. The judgment in the original action was duly signed, attested, and filed with the clerk of court of Butte county, S. D., on June 8, 1932. A. G. Powers died on January 3, 1933. The application for the order of substitutions was made to the circuit court on the 9th day of December, 1933, and the order of substitution was entered by that court on the 29th day of December, 1933.

The plaintiff contends that, under the provisions of section 3147, Rev. Code 1919, the judgment in the original action, so far as it concerns A. G. Powers or his estate, became final on June 8, 1933, one year after the signing, attesting, and filing thereof. Section 3147 limits the time within which an appeal may be taken from the judgment to one year after the judgment is filed. The defendant contends that section 2317, Rev. Code 1919, extends the time in which an appeal can be taken in the event of the death of a party to the action after the entry of judgment, to one year from the date of the death. Said section 2317 provides in part as follows: "In case of death, or other disability of a party, the court, on motion, at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued by or against his representatives or successor in interest."

This court has consistently held that neither this court nor the circuit court can extend the statutory period for appeal. See National Surety Company v. Cranmer, 27 S. D. 515, 131 N. W. 864; Aldrich v. Public Opinion Publishing Company, 27 S. D. 589, 132 N. W. 278; Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143; Irwin v. Seeman, 42 S. D. 574, 176 N. W. 652; Brown v. Christensen, 50 S. D. 474, 210 N. W. 668; Downs v. School District, 52 S. D. 168, 216 N. W. 949. It is apparent, therefore, that, unless we should construe section 2317 as a statute extending the time in which an appeal might be taken, the contention the respondent has made herein cannot be sustained. We are of the opinion that said section 2317 was never intended to regulate the time for taking appeals, and that the said section must be subordinated to the section limiting the time in which an appeal can be taken. It would be unreasonable, we believe, to read into the said statute a legislative intent which would prevent this judgment from becoming final until one year after the death of A. G. Powers. Section 3147 specifically provides that the judgment shall become final one year after its entry. No exception is therein made, and we are satisfied that it was not the legislative intent to make any exception by virtue of section 2317 which would operate to prevent this judgment under the facts here presented from becoming final one year after its entry. It will be noted that in this case A. G. Powers died more than five months prior to the time when the judgment would become final under the provisions of section 3147, and, had those interested in the estate seen fit so to do, there was ample time to have the administrators appointed, the order of substitution entered, and the appeal taken before the one year limitation provided in section 3147 should expire. What the power of the court would be, should there be a showing that a party to the action died so near the end of the statutory period for taking an appeal that with the exercise of due diligence an administrator could not be appointed, the substitution made, and the appeal perfected within the statutory time, we do not now express any opinion. We are satisfied, however, that, under the facts here presented, the said section 2317 did not prevent the judgment from becoming final on June 8, 1933, one year after the entry thereof. For a similar construction of similar statutes, see Sambs v. Stein, 53 Wis. 569, 11 N. W. 53; Ropes v. Goldman, 50 Fla. 601, 39 So. 16, 7 Ann.

Cas. 393; Williams v. Long, 130 Cal. 58, 62 P. 264, 80 Am. St. Rep. 68.

We are therefore of the opinion that the circuit court was without jurisdiction in entering its order, and the judgment of this court is that such order stand annulled.

All the Judges concur.