INDEPENDENT LUBRICATING COMPANY, INC., APPELLEE, V.
WILLIAM T. GOOD, APPELLANT.

275 N. W. 668

FILED OCTOBER 29, 1937.   No. 30221.

*Loren H. Laughlin* and *Alva Gaylord,* for appellant.

*G. Porter Putnam, Jr.,* and *Bruce Fullerton, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This matter is before the court upon a suggestion of want. of jurisdiction filed by attorneys for the plaintiff who secured judgment in the district court. The attorneys for the defendant in the district court have filed a brief opposing the suggestion of want of jurisdiction, and seeking leave to revive.

The plaintiff brought an action against the defendant in the district court, and secured a judgment. The defendant filed a supersedeas bond and notice of appeal on April 17, 1937. The defendant died May 8, 1937. Thereafter, on June 24, 1937, the transcript for appeal was filed in this

court by the attorneys for the defendant during his lifetime. Thereafter, on July 23, a special administrator of the estate of the deceased defendant was appointed. The special administrator filed appellant's brief in this court, and seeks an order of revivor. It has long been the rule in this state that the filing of the transcript shall confer jurisdiction in a cause upon the supreme court in a law case. This matter has been discussed in many cases, but was thoroughly investigated in *Long v. Krause,* 104 Neb. 599, 178 N. W. 188, and in *Ritchey v. Seeley,* 68 Neb. 129, 133, 97 N. W. 818.

*Long v. Krause, supra,* is relied upon to sustain the opposition of the subject of want of jurisdiction, but that case is strictly related to the facts therein. John and Herman Krause were charged with fraud in the purchase of land, and a judgment was entered against them. They filed a notice of appeal and a supersedeas bond. John Krause died before the appeal was prosecuted. Herman Krause filed a transcript of the proceedings in this court. He, as administrator of the estate of John, filed a motion to revive the action when a motion to dismiss the appeal was filed. These cases are parallel, except that in the *Krause* case the judgment was against two joint tort-feasors, one of whom had prosecuted the appeal. It was especially stated "that the death of John Krause destroyed the relation of attorney and client, and that the acts of this attorney from that time forward were neither the acts of the deceased person nor of his representative."

But it was held in that case that, inasmuch as the deceased was not required to do anything to confer jurisdiction upon this court, he was a party to the appeal by reason of being a joint tort-feasor. Ordinarily, an appeal cannot be prosecuted in the name of a party who died before the appeal was had, although under permissive statutes the regular representative of such party may be substituted, and the appeal proceed. 4 C. J. S. 869. An appeal prosecuted in the name of a sole defendant who died before the transcript was filed in this court must be dismissed be-

cause of no jurisdiction. *Powers v. Standard Oil Co.*, 62 S. Dak. 33, 251 N. W. 187. It was necessary in this case for the representative of the deceased to get an order of revivor of the action in the district court, as provided by section 20-1414, Comp. St. 1929. The supreme court did not have jurisdiction until the transcript was filed in this court, and when the transcript was filed the defendant was dead. Therefore, when a sole defendant died after judgment and before appeal, the supreme court could not substitute his representative as defendant, but the substitution must be had in the court having jurisdiction. The appeal must be dismissed.

DISMISSED.