INDEPENDENT LUBRICATING COMPANY, APPELLEE, V. WILLIAM
T. GOOD, APPELLANT.

280 N. W. 460

FILED JUNE 28, 1938. No. 30396.

*Loren H. Laughlin, Alva Gaylord* and *Clark Jeary,* for
appellant.

*G. Porter Putnam, Jr.,* and *Bruce Fullerton, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER
and MESSMORE, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

This case was before the court on a former occasion and
is reported in 133 Neb. 431.

The original judgment which is involved in both appearances of the case in this court was rendered in favor of the
plaintiff March 11, 1937. Bond and notice of appeal therein
were given by the defendant April 17 and defendant died
May 8. Transcript for the purpose of appeal was filed in
this court June 24, 1937. This was followed by a suggestion by the plaintiff of want of jurisdiction in this court
by reason of the death of the sole defendant prior to the
filing of the transcript, and want of a representative in
the proceedings, which was opposed by the special administrator, who, in the meantime, July 23, was appointed
and applied for an order of revivor in his behalf in this
court. Therein this court held that the appeal prosecuted
in the name of a sole defendant who died before the tran-

script was filed in this court must be dismissed because of no jurisdiction; that it was necessary for the representative of the deceased to get an order of revivor of the action in the district court; that the supreme court did not have jurisdiction until the transcript was filed in this court, and when it was filed the defendant was dead; and that in such case the supreme court could not substitute the representative as defendant, but the substitution must be had in the court having jurisdiction.

After the issuance of mandate from this court December 9, 1937, the administrator representing the defendant presented an application in the district court for revivor therein, which was denied in that court, and from such order of denial this present appeal is prosecuted. It should be borne in mind that the proceeding here presented for review is not for revivor of the judgment of March 11, 1937, as such, but for revivor and continuance of the action for the purpose of prosecuting an appeal from that judgment.

The application was met by objection that the three months' limitation provided for by statute, section 20-1912, Comp. St. 1929, after the rendition and entry of the judgment from which appeal was sought had expired; that the judgment had become final and no appeal could be had therefrom. To this appellant answers that the limitation prescribed by said statute is not conclusive for that the statutes pertaining to revivors, sections 20-1413, 20-1414, Comp. St. 1929, provide the same may be had within the period of one year; that such provisions take precedence and suspend the running of the time for appeal until a representative is appointed and revivor had.

The ultimate issue before us, then, is whether in case of the death of a sole defendant the statute relating to revival suspends the running of the statute relative to appeals after the latter has commenced to run.

Considering this question, it is advisable to look at the status of the statute relating to appeals to this court (section 20-1912) which provides that the procedure shall be by filing in the supreme court a transcript within three

months from the rendition of such judgment and that the filing of such transcript shall confer jurisdiction in such causes upon this court. The statute makes no exception and indicates no ground upon which exception might be made. It has many times received the consideration of this court and, in reference to it, this court has in substance said that, in order to vest the supreme court with jurisdiction to review a judgment, decree or final order made by the district court in civil cases, a certified transcript containing the judgment, decree or final order must be filed in the supreme court within three months from the rendition of the judgment, decree or final order, or within three months from the overruling of the motion for new trial in the cause; also, that the statutes prescribe a time within which an appeal may be taken to this court and it is essential to the jurisdiction that the appeal be prosecuted within the time limit by filing a transcript within three months; and that the trial court has no power to extend the time either directly or indirectly as by vacating a judgment and re-entering it as of a more recent date; that the legislature having power to limit the time within which an appeal must be taken, it is essential to the jurisdiction of this court that it be taken within the time limit prescribed, and the trial court has no inherent power directly or indirectly to extend the time for taking an appeal; and it appearing that an order was entered for that purpose it is ineffective; that the rule is that, no transcript of the proceedings in the district court having been filed in this court within three months from the rendition of the final order, this court acquires no jurisdiction. This view was early adopted by this court. *Verges v. Roush,* 1 Neb. 113. It has been maintained through all the years in an unbroken line of decisions down to *State v. Amsberry,* 104 Neb. 273, 177 N. W. 179, and *Frazier v. Alexander,* 111 Neb. 294, 196 N. W. 322. The great weight of authority in the United States is in accord with this rule where similar statutes and constitutional provisions are in force. *Larson v. Wegner,* 120 Neb. 449, 233 N. W. 253; *Morrill County v. Bliss,*

125 Neb. 97, 249 N. W. 98; *Bradley v. Kalin,* 125 Neb. 363, 250 N. W. 257; *Independent Lubricating Co. v. Good,* 133 Neb. 431, 275 N. W. 668.

Of the many instances where, in the courts of other jurisdictions, this rule has been followed there is found in *Williams v. Long,* 130 Cal. 58, 62 Pac. 264, 80 Am. St. Rep. 68, a very terse and clear statement of the doctrine as follows:

"In the absence of an express authorization in the statute itself a court has no power to extend the time for taking an appeal, or to relieve an appellant from the effect of misfortune, accident, surprise, or mistake. No such authorization is found in the statutes of this state. In this case the statute had begun to run, and had been running against this appellant for more than five months before the death of the plaintiff. It is a well-settled rule and principle of law, except as modified by positive enactment, that when the statute of limitations has begun to run no subsequent disability will suspend its operation. In *Pace v. Ficklin,* 76 Va. 292, the time in which an appeal should have been taken was limited to two years. Judgment was rendered against an assignee in bankruptcy, and during the two years the assignee died and a successor was appointed. In support of the appeal it was urged that the period between the death of the first assignee and the appointment of his successor should be deducted from the statutory time. But the court said: 'In answer to this it is sufficient to say that the statutes defining and limiting the right of appeal make no such exception or restriction, and there is no rule or principle in law which authorizes the courts to do so. * * * In this case Pace was alive at the date of the decree. The limitation then commenced to run, and so continued, notwithstanding his death at a subsequent period.' "

In 3 Am. Jur. sec. 424, it is stated:

"The general rule that no disability will postpone the operation of the statute of limitations unless it exists when the cause of action accrues, and that when the statute be-

gins to run, no subsequent disability will interrupt it, applies to a statute prescribing the time within which an appeal or error proceeding may be taken."

In the former opinion in this case (133 Neb. 431) there is cited and relied upon the case of *Powers v. Standard Oil Co.*, 62 S. Dak. 33, 251 N. W. 187. On examination of the case and its connected cases, it having made three appearances in that court, *Standard Oil Co. v. McNenny*, 62 S. Dak. 277, 252 N. W. 841, and *Powers v. Standard Oil Co.*, 63 S. Dak. 297, 258 N. W. 134, there appears a course of procedure strikingly like that in the case now before us, the only substantial difference being that in the Dakota case, after the first determination by the supreme court and when the proceeding got back to the trial court, that court allowed the revivor, as it is here contended the district court for Lancaster county should have done, and the Standard Oil Company prosecuted proceedings in certiorari to review the order of the circuit court, which resulted in the determination reported at 62 S. Dak. 277, 252 N. W. 841. Later, in 63 S. Dak. 297, 258 N. W. 134, was determined the second appeal which had been based upon the judgment of the circuit court allowing the revivor.

In the first of the three cases the Dakota court, disregarding a suggestion as to abatement of the action by reason of the death of a party subsequent to the judgment and prior to the appeal, finds that the appeal has been taken and conducted in the name of a dead man, and states that "we are satisfied that this appeal taken and conducted in this manner gives this court no jurisdiction." Also, in the case the administrators of the deceased sought to be substituted as plaintiffs, and upon that proposition the court said:

"We are of the opinion that the court has no jurisdiction to make any such substitution. * * * In other words, the attempted appeal * * * has accomplished nothing. A. G. Powers never having been in any way before this court, so far as this action is concerned, we know of no method or procedure whereby we could bring in an entirely new party

to the action as it now stands. There is no action here pending so far as A. G. Powers is concerned. If the administrators wish to be substituted as parties in place of A. G. Powers, deceased, we are of the opinion that the procedure to effect such purpose must be had in the court below."

Following that case and upon review of the order of the trial court allowing substitution of the administrator, it appeared that the original judgment became final by expiration of the time for appeal in June, 1933, and that the application and order for substitution were made in December, 1933, the time allowed for appeal in that state being one year. It was contended there, as here, that the revival statute extended the time in which appeal could be taken for the prescribed period from the date of the death; but that court said:

"This court has consistently held that neither this court nor the circuit court can extend the statutory period for appeal. * * * We are of the opinion that said section 2317 (revivor) was never intended to regulate the time for taking appeals, and that the said section must be subordinated to the section limiting the time in which an appeal can be taken. It would be unreasonable, we believe, to read into the said statute a legislative intent which would prevent this judgment from becoming final until one year after the death." 62 S. Dak. 277, 252 N. W. 841.

In the final appearance of the case, 63 S. Dak. 297, 258 N. W. 134, the court simply refers to the former hearings and the syllabus to the case is:

"Where party to action died subsequent to entry of judgment and before year in which appeal could be taken and no appeal was taken within a year, court had no power to appoint administrators to prosecute appeal thereafter."

In the briefs and argument on behalf of appellant it is earnestly suggested that a different rule is adopted in the jurisdictions of Connecticut and Oregon as illustrated principally in the cases of *Barton v. City of New Haven,* 74 Conn. 729, 52 Atl. 403, and *McBride v. Northern P. R. Co.,*

19 Or. 64, 23 Pac. 814; and that the equities in the present case are such as should lead the court to make an exception to its established rule in reference to the enforcement of the limitation provided by the appeal statute. In an effort to distinguish many of the cases cited as authority by appellee, some of which have not been given reference in this opinion, it is urged that therein it appeared that there was ample time yet remaining within which appellant could have perfected his appeal by following proper procedure in obtaining revival before the expiration of the limited time, while it is urged in this case no such sufficient time remained.

It does appear that the cases cited from the two jurisdictions named give support to the appellant's contention, but it also appears to us that the court in so doing trespassed upon the domain of the legislature and established an exception in nowise provided for or indicated in the statute being considered.

Upon the question as to the sufficiency of time, had proper diligence been used and proper procedure followed, we cannot agree with the argument made on appellant's behalf. An examination of the record discloses that in the original case a motion for new trial was overruled March 29. From this time 40 days elapsed until the death of the defendant, May 8, and from this time there remained 52 days until June 29, the expiration of the time for appeal. This, we believe, afforded sufficient time after the death of the defendant within which a conditional order could have been made, served and become at issue before the expiration of the time for appeal. The statute, section 20-1408, Comp. St. 1929, provides that such order shall be served in the same manner and returned within the same time as a summons. It does not provide that the answer day shall be fixed as in a summons, although in this case there was also ample time for that. Even in cases where publication for four weeks is necessary, section 20-1409, the provision is that answer day shall be not less than ten days after the publication is complete, and there was in this case time sufficient

for that course to have been followed and still more than ten days left in which hearing could have been had. Doubtless the trial court, upon being advised that delay might involve the running of the statute regulating appeals and possibly the loss of the right of appeal, would have seen to it that the hearing was had in time to avoid any such result. In the instant case, however, no petition was filed for appointment of administrator in the county court until July 23, 1937, on which date a special administrator was appointed. He filed briefs in the original case before this court, but no application for revivor and substitution was lodged in the district court, the only court having jurisdiction, until December 13, 1937, which was more than three months after the overruling of the motion for new trial in the original case, likewise more than three months after the death of the defendant, and more than that time after the appointment of the special administrator and also of the general administrator.

It follows as the necessary conclusion that the original judgment in the district court of March, 1937, became and is final, and the district court in December, 1937, had no authority to allow revivor and substitution of the appellant administrator for the purpose of prosecuting an appeal from that judgment. The order and judgment of the district court is therefore

AFFIRMED.