TAYLOR DAIRY PRODUCTS COMPANY, APPELLEE, v. BEN F. OWEN, APPELLANT.

298 N. W. 332

FILED MAY 23, 1941. No. 31043.

*Ritchie, Swenson & Welpton* and *Bernard E. Vinardi,* for appellant.

*McGinty, Richling & Nestle, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

CARTER, J.

This is an appeal from a judgment entered against the defendant after he had elected to stand on a special appearance.

The record shows that the action was commenced in the county court for Douglas county and a judgment for defendant entered therein on February 2, 1940. An appeal bond was filed on February 13, 1940, more than ten days from the rendition of the judgment. On March 28, 1940, defendant filed his special appearance, objecting to the jurisdiction of the court over the appeal for the reason that the appeal bond was not filed within the ten days required by statute. Comp. St. 1929, secs. 27-540 and 21-1302. On May 3, 1940, the trial court overruled the special appearance, and on May 22, 1940, the defendant having stood thereon, entered judgment for the plaintiff for the amount prayed for in its petition. Defendant Owen thereupon appealed to this court.

The appeal bond was filed on the eleventh day. The tenth day was Lincoln's birthday, and plaintiff contends that for that reason he had an additional day to file his appeal bond. The legal court holidays fixed by section 27-316, Comp. St. 1929, do not include Lincoln's birthday. In any event, in determining the time within which an appeal bond must be filed in the county court, the first day should be excluded and the last day included, except when the last day is Sunday, in which event it is excluded. Comp. St.

1929, sec. 20-2222. The tenth day not being Sunday, plaintiff did not file the bond in accordance with the provisions of this statute. While it is true that the twelfth day of February known as Lincoln's birthday is, by section 62-1706, Comp. St. 1929, made a holiday for the purposes of the negotiable instruments act, it can have no effect upon court procedure. *Tully v. Grand Island Telephone Co.*, 87 Neb. 822, 128 N. W. 508; *Richter v. Chicago & E. R. Co.*, 273 Ill. 625, 113 N. E. 153.

The record in this court does not include a transcript of the evidence. There is nothing properly before us that could in any manner avoid the statutory requirement that the appeal bond be filed within ten days to give the district court jurisdiction. This court has said many times that the filing of an appeal bond within ten days in an appeal from the county court is necessary to confer jurisdiction upon the district court. *Independent Lubricating Co. v. Good*, 135 Neb. 171, 280 N. W. 460; *Hier v. Anheuser-Busch Brewing Ass'n*, 52 Neb. 144, 71 N. W. 1005.

Plaintiff urges that he attempted to file the bond on February 12, 1940, and that the county judge was gone and the courthouse closed. Even if this situation warranted the filing of the bond on the eleventh day, it is of no avail here because it is not shown by the record. The order of the trial court overruling the special appearance contains no findings of fact that tend to sustain plaintiff's contention. The record is barren of evidence or findings of any default on the part of the county judge which prevented a timely appeal. The record imports absolute verity, and when a party attempts to escape the effect of a plain provision of statute by proof of special circumstances, bringing the matter within a recognized exception, it must appear from the record that such an issue was before the district court. The filing of affidavits in this court is not a proper way to present such an issue here.

The trial court erred in overruling defendant's special appearance. The judgment is therefore reversed and the cause remanded.

REVERSED.