IN RE 1981-82 COUNTY TAX LEVY BY SAUNDERS COUNTY BOARD OF EQUALIZATION.
ERWIN MATULKA, APPELLANT, V. COUNTY BOARD OF EQUALIZATION ET AL., APPELLEES.
IN RE 1981-82 COUNTY TAX LEVY BY DAWES COUNTY BOARD OF EQUALIZATION.
BRUCE T. ISKE, APPELLANT, V. COUNTY BOARD OF EQUALIZATION ET AL., APPELLEES.
335 N.W.2d 299
Filed June 17, 1983. Nos. 82-248, 82-324.

John F. Recknor of Barlow, Johnson, DeMars & Flodman, for appellants.

James B. Gessford of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellees School District of Wahoo et al.

Terrance O. Waite of Smith, King & Waite, for appellee School District of Hay Springs.

H. W. Snyder, for appellee School District of Hemingford.

William L. Howland, Dawes County Attorney, for appellee Dawes County Board of Equalization.

James W. Slavik of Crites, Shaffer & Slavik, for appellee School District of Chadron.

William L. Howland of Bump, Howland & Watson, for appellee School District of Crawford.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

Both of these appeals, which were tried separately, one in the District Court for Saunders County, Nebraska, and the other in the District Court for Dawes County, Nebraska, but argued to this court together, present the single question of whether a taxpayer desiring to appeal the levy of a tax sufficient to pay nonresident high school tuition pursuant to Neb. Rev. Stat. § 79-436 (Reissue 1981) must give notice of appeal within 10 days of the action of the board, or whether the taxpayer has 20 days in which to give notice of intention to appeal. Both trial

courts, deciding the issue separately, determined that a taxpayer desiring to appeal the setting of a tax levy for nonresident high school tuition must do so within 10 days of the board's action and, accordingly, dismissed each of the actions as having been filed untimely. We believe that both of the District Courts were correct and we affirm each of the judgments.

The factual situations in each case are without dispute and, except for the time in which the appeal was perfected, are not of any particular significance to the issues. Briefly stated, in case No. 82-248 the Saunders County Board of Supervisors, sitting as the Saunders County Board of Equalization, set the nonresident high school tuition levy pursuant to § 79-436 on September 16, 1981. On October 5, 1981, Erwin Matulka, a taxpayer owning real estate in Saunders County, filed a notice of appeal, praecipe for transcript, and appeal bond in the District Court for Saunders County, Nebraska, pursuant to Neb. Rev. Stat. § 77-1606 (Reissue 1981). As the dates indicate, the notice of appeal was filed more than 10 days, but less than 20 days, after the action of the board of equalization.

In case No. 82-324 the Dawes County Board of Equalization set the nonresident high school tuition levy on September 15, 1981. On October 5, 1981, Bruce Iske, a taxpayer and owner of property within a nonresident high school district in Dawes County, Nebraska, filed his notice of appeal, praecipe for transcript, and appeal bond in the District Court for Dawes County, Nebraska, pursuant to § 77-1606. As in the Matulka case, the Iske notice of appeal was filed more than 10 days, but less than 20 days, after the action of the board of equalization.

As we indicated at the outset, there is but one narrow legal question presented to us by both of these appeals. If the taxpayer was required to file his notice of appeal within 10 days following the action of the county board, then the failure to do so

was jurisdictional and the District Court was without jurisdiction to hear the appeal. See *Drier v. Knowles Vans, Inc.*, 144 Neb. 619, 14 N.W.2d 222 (1944). See, also, *Taylor Dairy Products Co. v. Owen*, 139 Neb. 603, 298 N.W. 332 (1941). On the other hand, if both Matulka and Iske had 20 days in which to perfect their separate appeals, each trial court was in error in disposing of the cases based upon the parties' failure to timely file their separate notices. One would anticipate that a reading of the statutes would resolve all of these questions. Unfortunately, as is too often the case with regard to appeal statutes, the language of the statutes involved only adds to the confusion.

Section 79-436 imposes upon the county board of equalization the ministerial function of levying a tax for the purpose of paying the cost of nonresident high school tuition. The section provides as follows: "Upon receipt of the proper certificate, the county board of equalization *shall* levy on the actual value of all the taxable property in the said county, except intangible property, a sufficient tax to pay the high school tuition as certified by the county superintendent; *Provided*, the board shall exclude from the levy the actual value of all of the taxable property of any district in which is maintained an approved four year high school, and one half of the actual value of all the taxable property of any district in which is maintained an approved two year high school. *In case a county board of equalization shall fail to make such levy, the county superintendent of each county shall make a suitable levy within five days after the county board shall have adjourned and shall certify the same to the county assessor*, who shall enter upon the tax rolls the levy so made by the county superintendent." (Emphasis supplied.) It is clear from a reading of § 79-436 that the county board of equalization exercises no discretion in this matter. It is required to levy a tax sufficient to raise the money necessary to pay the nonresident

high school tuition as certified by the county superintendent. In fact, if it fails to do so the county superintendent is authorized by statute to take such action. See *Werth v. Buffalo County Board of Equalization*, 187 Neb. 119, 188 N.W.2d 442 (1971).

Section 77-1606, a statute dealing generally with appeals from actions taken by a county board of equalization levying various taxes, including the tax for nonresident high school tuition, then provides in part: "Any taxpayer may appeal from the action of the county board of equalization in making the levy, if in the judgment of such taxpayer the levy is for an unlawful or unnecessary purpose, or in excess of the requirements of a county, *within the same time and in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county. . . .*" (Emphasis supplied.) The fact that § 77-1606 applies to a multitude of taxing actions taken by the county board of equalization and is not limited to the nonresident high school tuition must be kept in mind when looking at its provisions. In view of the language of § 79-436, which imposes a mandatory duty upon the county board, the grounds upon which such appeal may be taken by a taxpayer under § 77-1606 are fairly limited. We need not for purposes of this appeal discuss that aspect further except to note the distinction between the general use of § 77-1606 and its limited application to § 79-436.

The problem becomes more confused when one attempts to follow the requirements of § 77-1606, which provides that the manner and time for taking the appeal shall be "as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county." That is so because, unfortunately, the manner and time for the taking of appeals from the action of the county board in the *allowance* of a claim is not the same as it is with regard to *disallowance* of a claim. Neb. Rev. Stat. § 23-135 (Reissue 1977) provides in part:

"When the claim of any person against the county is *disallowed* in whole or in part by the county board, *such person* may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the county clerk, within *twenty days* after making such decision and executing a bond to such county, with sufficient security, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant. . . ." (Emphasis supplied.) It should be noted that § 23-135 is limited to appeals where the claim is disallowed. Neb. Rev. Stat. § 23-136 (Reissue 1977), on the other hand, pertains to the *allowance* of claims and reads: "*Any taxpayer* may likewise appeal from the *allowance* of any claim against the county by serving a like notice within *ten days* and giving a bond similar to that provided for in section 23-135." (Emphasis supplied.)

One may ask why the Legislature provided that a claimant whose claim has been disallowed should have 20 days in which to appeal while a taxpayer objecting to the payment of a claim is limited to 10 days in which to appeal. A reading of the statutes in light of what is involved in each case gives some answer to that question. Section 23-135 grants a right to the holder of a claim which has been disallowed. The claimant is being denied specific relief. The county clerk is granted 5 days to notify the claimant of the disallowance. It is reasonable to assume that the Legislature recognized that if the county clerk has 5 days within which to give such notice in writing and several more days may be involved in the individual receiving such notice, then limiting the right of appeal of one about to lose a claim to 10 days would be unfair. Where, however, the county has allowed the claim and wishes to proceed to pay the claim, it seems reasonable that a third person who seeks to object to such payment and thereby prevent

the county from acting should be required to make such objection known as quickly as possible. That is the reason that § 23-135 refers to the appeal being taken by the person whose claim is disallowed while § 23-136 refers to any taxpayer.

It was, in effect, that very distinction which this court made in the case of *Sommerville v. Board of County Commissioners*, 116 Neb. 282, 216 N.W. 815 (1927), *reh'g* 117 Neb. 507, 221 N.W. 433 (1928). The *Sommerville* case is similar to the case at bar. As in the instant case, an appeal was taken from the action of the county board of equalization more than 10 days following the board's action in setting a levy. After noting the difference in the two statutes, one of which required an appeal within 10 days from the allowance of the claim, and the other of which permitted an appeal to be taken within 20 days from the disallowance of the claim, we said at 509-10, 221 N.W. at 433-34: "Thus it will be seen that two kinds of notices are provided for, to wit: Under section 865 [now § 23-135], a claimant (a party having a direct interest in the matter) must serve notice of appeal within twenty days after the board's decision; while under section 866 [now § 23-136], a taxpayer (a party having an indirect interest in the matter) must serve notice of appeal within ten days after the board's decision. As we have seen, Sommerville, the appellant herein, is a taxpayer, having no direct interest in the matter before the board, yet clothed with an indirect interest as such taxpayer, and therefore he was required to serve notice of appeal within ten days from the decision sought to be appealed from, which he did not do. Thus considering section 865 and section 866, we are constrained to conclude that whether such notice shall be one served within twenty days, or one served within ten days, depends upon whether the challenge is made by one having a direct interest as the owner of a claim, or by one having an indirect interest as a taxpayer."

Whether one is viewed as having a direct interest or an indirect interest may not be nearly as important as whether one is viewed as the claimant whose claim is disallowed or, instead, as a taxpayer appealing the allowance of a claim. In view of the mandatory language of § 79-436, we believe that the action by the county board in setting the levy is more like the allowance of a claim than the disallowance of a claim. For that reason, if a taxpayer who is not the person to whom payment is made objects to the setting of the levy and wishes to appeal, the appeal must be viewed as an action taken by a taxpayer to appeal the allowance of a claim under § 23-136 and requires the giving of the notice of appeal within 10 days. To hold otherwise would make no sense at all.

While it may be argued that the language of § 77-1606 could be made clearer, we believe that under the facts as presented to us the trial courts in each of the cases were correct in holding that the taxpayer appealing from the setting of the nonresident tuition levy was required to give such notice within 10 days and, having failed to do so, the District Court was without jurisdiction. The judgment of each of the trial courts is affirmed.

AFFIRMED.