IN RE CONSERVATORSHIP OF THE ESTATE OF EVA LANGE.
EARL WINTERS, APPELLANT, V. EVA LANGE ET AL., APPELLEES.
247 N. W. 2d 617

Filed December 8, 1976. No. 40580.

Lawrence F. Weber, for appellant.

Richard G. Kopf of Cook, Lubberstedt & Kopf, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This appeal arises from objections to the application of Eva Lange, an aged person, for the appointment of a conservator of her property under the provisions of section 38-901, R. R. S. 1943, Reissue 1974. The county court overruled the objections and appointed E. A. Cook, III, as conservator. The objector, Earl Winters, son of Eva Lange, appealed to the District Court where the order of the county court was affirmed.

The ground of the objection is that Eva Lange had previously placed all her property in a trust which named herself and Winters cotrustees and that, since there was no property for the conservator to manage, the appointment was inappropriate.

The caption of the trust instrument denominated the trust as revocable. Its terms, however, included a provision that the grantor could not revoke the trust without consent of cotrustee Winters. The trust provided, among other things, that the: "Trustees shall pay all the net income from the Trust Estate, and such portions of the principal as the GRANTOR may from time to time direct in writing to the GRANTOR, or in such manner as she may otherwise direct in writing." Eva Lange, in writing, declared the trust revoked and sought Winters' consent thereto which was refused. She also requested in writing the distribution to her of the income and principal of the trust under the provisions of the trust above quoted. As to certain personal property the record shows she was able to secure possession as she had never relinquished control and no formal transfer of title to the trust had ever been made. Therefore, the record establishes that there was property of the applicant to be managed, the appointment of a conservator by the county court was proper, and the order of appointment ought to be affirmed.

The parties argue to us here, as they did in the county court and in the District Court, many questions involving construction of the trust insofar as it relates to the revocability thereof and to the delivery or nondelivery of a deed of real estate from Eva Lange to herself and Winters as trustees. We find it inadvisable to decide these questions because we doubt the jurisdiction of the county court under statutes presently in effect, to wit, section 24-517, R. R. S. 1943, to construe trust instruments. Cf. § 30-2806, R. R. S. 1943, Reissue 1975, operative January 1, 1977. Certainly the county court had no jurisdiction to determine title to real estate.

The order appointing the conservator is affirmed.

AFFIRMED.