■ MARGUERITE ACITO, Respondent, v THOMAS ACITO, Appellant. [898 NYS2d 133]—

Amended order, Supreme Court, Bronx County (Ellen Gesmer, J.), entered March 10, 2009, which granted plaintiff's motion to dismiss this divorce action based on the death of defendant and denied the temporary administrator's cross motion for an order substituting the decedent's estate as party defendant and entering judgment of divorce nunc pro tunc, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about January 7, 2009, unanimously dismissed, without costs, as superseded by the amended order.

Although the cross movant, defendant's son, is a nonparty in this divorce action, he is aggrieved by the denial of his cross motion, and thus has standing to prosecute this appeal (*Ricatto v Ricatto*, 4 AD3d 514, 515 [2004]). Nevertheless, the court properly dismissed this action, since a divorce action abates upon the death of one of the parties, unless the court has made a final adjudication of divorce but has not performed "the mere ministerial act of entering the final judgment" (*Cornell v Cornell*, 7 NY2d 164, 170 [1959]). Here it cannot be said that little or nothing remained to be done before entry of judgment. On the contrary, the IAS court had indicated that a final judgment would not be signed and entered until the parties' stipulation of

settlement was approved by the guardianship court. Since that approval was not obtained before defendant's death, the divorce action abated and judgment of divorce could not be entered nunc pro tunc based on the stipulation. At that point, the question of substitution became moot.

Contrary to the cross movant's contention, the so-ordered stipulation was not binding on the guardianship court. Indeed, that court had a duty to review and approve any settlement made in the divorce action, for the purpose of determining, among other things, whether it was in the best interests of the allegedly incapacitated person (*see* Mental Hygiene Law § 81.21 [d], [e]). Defendant's death did not immediately abate the necessity for the guardianship court's approval. Indeed, a guardian's powers and the guardianship court's supervision may under certain circumstances continue even after the incapacitated person's death (*see e.g. Matter of Rose BB.*, 262 AD2d 805, 807 [1999], *appeal and lv dismissed* 93 NY2d 1039 [1999]; *Matter of Siracusano*, 167 Misc 2d 130 [1995]).

Although an acknowledgment is not required to enforce a written stipulation of settlement subscribed by the parties and so ordered by the court (*see Sanders v Copley*, 151 AD2d 350 [1989]), the stipulation is not binding because it was never approved by the guardianship court. Contrary to the cross movant's contention, equity does not require this or any other court to determine the validity of the stipulation. Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Román, JJ. **[Prior Case History: 23 Misc 3d 832.]**